**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JING JING CHEN, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | 1:11CR85-6<br>1:13CV170 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This Court entered judgment against Petitioner imposing, <u>inter alia</u>, a term of imprisonment and restitution, as a result of her guilty plea to: 1) conspiracy in violation of 18 U.S.C. § 1029(b)(2) to produce and use counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1) and to possess 15 or more counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3) ("Count One, Objects One and Two"); and 2) aggravated identity theft in violation of 18 U.S.C. 1028A(a)(1) ("Count Two"). (Docket Entry 117; <u>see also</u> Docket Entry 20 (Superseding Indictment); Docket Entry 58 (Plea Agreement); Docket Entry 150 (Guilty Plea Transcript).) The Fourth Circuit affirmed. <u>United States v. Chen</u>, 491 F. App'x 401 (4th Cir. 2012). Petitioner thereafter commenced this action by filing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Docket Entry 189.) For the reasons that follow, the Court should deny relief.

Petitioner's instant Motion asserts two grounds for relief: 1) "Effective [sic] Assistance of Counsel during Plea-Bargaining Stage of Proceedings" (id. at 6); and 2) "Interest charged should not be on restitution" (id.). As to Ground One, Petitioner must establish that her attorney's performance fell below a reasonable standard for defense counsel and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). In connection with Ground One, the instant Motion alleges these facts:

> The "Making" part of the plea should not have stood, but Attorney neglected to follow through; 2. Should have advocated for [Petitioner] to receive the two point deduction for minor role; (3) Should have stepped in with the restitution and interest issue, but when he didn't respond to the government [Petitioner] had to represent [her]self and [Petitioner is] not an attorney.

(Id. (emphasis added).)[1] Petitioner's supporting memorandum does not offer any additional factual matter regarding the "making" or "minor role" issues, but rather merely declares in conclusory fashion that she "was eligible for a two level reduction for minor

---

[1] Petitioner's supporting brief also states that she "was never informed that the Safety Valve is for drug cases only, and was given bad advice about that." (Docket Entry 190 at 3.) In this context, "in order to satisfy the 'prejudice' requirement [of Strickland], [Petitioner] must show that there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner, however, has conceded that, even now knowing that the Safety Valve cannot apply in her case, she wishes to retain her guilty plea. (See Docket Entry 190 at 4 ("[A] do-over for this Petitioner is not part of this filing. . . . [Petitioner] admits and takes full responsibility for her guilt in this conviction . . . .").)

2

role, and also should not have been convicted for the 'making' part of the charges, which would have also reduced [her] sentence by two levels." (Docket Entry 190 at 3.) Similarly, in her affidavit, Petitioner makes no specific reference to the "making" or "minor role" issues. (Docket Entry 193.)

In other words, Petitioner's claim that her counsel provided ineffective assistance as to any "making" and "minor role" issues "is vague, conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.); see also Harrington v. Richter, 562 U.S. 86, __, 131 S. Ct. 770, 788 (2011) ("Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." (internal quotation marks omitted)); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error. . . . Thus, vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary

3

hearing, much less relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)."); Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("Petitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).

To the extent the Court wishes to go further in an effort to decipher and to address Petitioner's claim that her counsel provided ineffective assistance regarding the "making" and "minor role" issues, the Court also should find no basis for relief. First, for reasons well-articulated by the United States (with specific citations to an attached affidavit from Petitioner's counsel) (see Docket Entry 201 at 5-6 (citing Docket Entry 201-1 at 2-3)) and unrebutted by Petitioner (see Docket Entry 203 at 5-6), her counsel acted in a professionally reasonable manner by declining to seek a minor role adjustment under U.S.S.G. § 3B1.2(b) and no prejudice resulted from that decision, because any such argument would have failed for lack of merit. Simply put, "counsel was not constitutionally ineffective in failing to object [to the lack of a minor role adjustment] . . . [where] it would have been futile for counsel to have done so . . . ." Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000).

Second, Petitioner's reply brief indicates that the "making" aspect of her ineffective assistance claim concerns the inclusion in her advisory sentencing guideline calculation of a two-level increase because "'the offense involved (A) the possession or use of [any] (i) device[-]making equipment[.]'" (Docket Entry 203 at 3 (quoting U.S.S.G. § 2B1.1(b)(11)); see also United States v. Chen, No. 12-4218 (4th Cir.), Docket Entry 44 at 4 (including, within Petitioner's informal appendix, a portion of her Presentence Report ("PSR") describing the arrest of certain of Petitioner's co-defendants in possession of "a large suitcase containing two card embossing machines" and stating that "[t]he offense involved the possession of device-making equipment; therefore, the offense level is increased by 2 levels").) Specifically, Petitioner appears to contend that her counsel should have objected to said increase because Petitioner did not plead guilty to Object Three of Count One (i.e., conspiracy in violation of 18 U.S.C. § 1029(b)(2) to possess device-making equipment in violation of 18 U.S.C. § 1029(a)(4)). (See Docket Entry 203 at 4; see also Docket Entry 20 at 2 (setting out Object Three of Count One in Superseding Indictment); Docket Entry 58 at 1 (noting, within Plea Agreement, Petitioner's intent to plead guilty to Objects One and Two of Count One); Docket Entry 150 at 23-24 (documenting Petitioner's guilty plea to Objects One and Two of Count One), 44 (transcribing exchange in which Petitioner's counsel joined with counsel for a

5

co-defendant in denying the portion of the factual basis proffered by the United States that reported Petitioner and said co-defendant "ha[d] the intent to make the credit cards or have any participation in the manufacturing of the counterfeit devices," while acknowledging that they "w[ere] part of a conspiracy that [such device-making] was part of").)

On direct appeal, Petitioner similarly asserted that, because she pleaded guilty to Objects One and Two (but not Object Three) of Count One and contested direct involvement in device-making activity when the Court considered the factual basis proffer by the United States, the two-level increase for possession of device-making equipment should not have appeared in her advisory guideline calculation. See United States v. Chen, No. 12-4218 (4th Cir.), Docket Entry 42 at 2-3. The Fourth Circuit rejected that position, both on the basis that Petitioner had not objected to the increase at sentencing and on the merits. See Chen, 491 F. App'x at 401 ("Chen raises several claims that the district court miscalculated her Guidelines range. However, Chen did not object to her [PSR]. Therefore, the district court was entitled to accept its factual determinations. Moreover, Chen's claims of error are not supported by the record." (internal citation omitted)).[2]

---

[2] The Fourth Circuit's above-cited, merits-based ruling against Petitioner stems from the fact that, "[i]n calculating the guideline range for each co-conspirator, 'all reasonably
(continued...)

The latter aspect of the Fourth Circuit's foregoing ruling establishes that any objection by Petitioner's counsel to the device-making-equipment increase would have failed; thus, any related ineffective assistance claim falls short as a matter of law. See United States v. Robinette, No. 98-50733, 213 F.3d 636 (table), 1999 WL 1706626, at *1 (5th Cir. Apr. 12, 2000) (unpublished) ("The [sentencing] issue underlying [the petitioner's] ineffective-assistance-of-counsel claim . . . was decided by this court on [the petitioner's prior] appeal . . . . Because this court has determined that [said sentencing issue lacked merit], counsel's failure to raise th[at] issue at sentencing did not constitute deficient performance and did not

---

²(...continued)
foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense' are to be included." United States v. Dominguez-Villegas, 200 F. App'x 227, 228 (4th Cir. 2006) (quoting U.S.S.G. § 1B1.3(a)(1)(B)). Moreover, the record confirms that Petitioner's counsel took note of that principle in opting against any challenge to the device-making-equipment increase. (See Docket Entry 154 at 6 ("[Petitioner] was one of the people that was involved in the conspiracy by going into the Wal-Mart and using credit cards. I actually don't think she had any involvement in making them, although that is certainly part of the relevant conduct because of her codefendants.").) Finally, Petitioner's Plea Agreement did not include any assurances about the applicability (or inapplicability) of Section 2B1.1(b)(11)'s device-making-equipment increase (see Docket Entry 58) and Petitioner acknowledged at the time of her guilty plea that the contours of her advisory guideline calculation then remained undetermined (see Docket Entry 150 at 31-34).

prejudice [the petitioner]."); Torres v. United States, Nos. 1:06CR255, 1:09CV226, 2010 WL 2342462, at *3 (W.D.N.C. June 8, 2010) (unpublished) ("While [the] [p]etitioner raises his present claim under the rubric of ineffective assistance of counsel, because he challenged precisely the same underlying conduct on appeal and the challenge was rejected, [the] [p]etitioner, at a minimum, cannot establish that he was prejudiced."), appeal dismissed, 397 F. App'x 913 (4th Cir. 2010).

The remaining part of Ground One (i.e., that Petitioner's counsel "should have stepped in with the restitution and interest issue" (Docket Entry 189 at 6)) effectively merges with Ground Two (i.e., "[i]nterest charged should not be on restitution" (id.)), as reflected by Petitioner's own joint discussion of those matters in her supporting brief (see Docket Entry 190 at 4). Petitioner has raised the issue of the accrual of interest on her restitution debt in two prior motions (Docket Entries 170, 192) and the Court (per United States District Judge Catherine C. Eagles) has fully addressed that subject (see Docket Entries 187, 196). Most notably, Judge Eagles has explained that Petitioner can obtain post-judgment relief regarding restitution interest by making a proper motion under 18 U.S.C. § 3612(f)(3)(A), documenting her post-release impecuniosity. (See Docket Entry 187 at 2.) Accordingly, Petitioner cannot show prejudice arising from the absence from her judgment of any provision regarding interest on

8

the ordered restitution or any failure by her counsel to address the issue at sentencing.[3] To the extent Petitioner seeks (in her supporting brief) to convert her instant claims from ones related to interest accruing on the restitution total to ones related to the determination of the restitution total (see Docket Entry 190 at 4), her effort fails due to the conclusory and speculative nature of her allegations, see, e.g., Cabrera, 2014 WL 6386902, at *9.

In sum, Petitioner's claims do not warrant collateral relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 189) be denied.

This the 7th day of January, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

---

[3] In connection with these matters, Petitioner appears to complain primarily about her counsel's lack of aid with post-judgment administrative procedures at her place of confinement, but without citing any authority establishing a Sixth Amendment right to effective representation in that context. (See Docket Entry 190 at 4.) Nor has the undersigned Magistrate Judge located any authority that would recognize any such right.